UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA LUJAN et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-25-873-G |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, a District of Columbia | ) |
| Corporation, as Receiver for First | ) |
| National Bank of Lindsay, Oklahoma, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiffs Lisa Lujan, Brittany Lujan, and Ally Rivera Lujan filed this action on August 6, 2025, naming two defendants: (1) Federal Deposit Insurance Corporation ("FDIC"), as Receiver for First National Bank of Lindsay, Oklahoma ("FNBL" or "the Bank"), and (2) FDS Financial, LLC ("FDS"). *See* Compl. (Doc. No. 1).

I.   *Plaintiffs' Allegations*

Plaintiffs allege that they were customers of FNBL and, after FNBL was closed on October 18, 2024, FDIC was named the receiver for the Bank. *See id.* ¶¶ 9-10. Plaintiffs filed multiple claims against FNBL, totaling about $1.5 million, with the FDIC as the receiver. *Id.* ¶ 12; *see* 12 U.S.C. § 1821(d)(5). Beginning on June 9, 2025, Plaintiffs received notices of disallowance of their claims from the FDIC. Compl. ¶ 13. Some of the notices stated: "FDS Financial may assert some right, title or interest in certain Claims on

the basis of a purported sale of the account for a Claim from the Bank to FDS Financial on September 30, 2024." *Id.* ¶ 14.

Plaintiffs now seek judicial determination of the disallowed claims pursuant to 12 U.S.C. § 1821(d)(6). *See id.* ¶¶ 16-20; *see also* 12 U.S.C. § 1821(d)(6) (prescribing that a claimant may file suit on such claims "in the district . . . court of the United States for the district within which the depository institution's principal place of business is located").

Defendants FDIC and FDS have thus far been granted extensions of their deadline to answer or otherwise respond to the Complaint. Each Defendant currently has a request for a further extension pending with the Court. *See* Doc. Nos. 35, 36.

II.     *The Government's Motion to Intervene and Stay*

Now before the Court is a Motion to Intervene and Stay (Doc. No. 18), filed by the United States of America ("the Government") through counsel at the Department of Justice. The Government seeks to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure for the limited purpose of obtaining a stay of proceedings and discovery in this case until an ongoing federal criminal proceeding involving FNBL's failure is concluded. *See* Gov't's Br. (Doc. No. 18-1) at 1-7.

    A. *Intervention*

The Government seeks intervention either as of right pursuant to Rule 24(a)(2) or permissively under Rule 24(b)(1)(B). Neither Plaintiffs nor Defendants oppose this request. *See* Pls.' Resp. (Doc. No. 29) at 1; FDIC Resp. (Doc. No. 28) at 1; FDS Resp. (Doc. No. 27) at 1, 3.

2

The Government argues that intervention is warranted because there is an ongoing investigation of and prosecution against Danny W. Seibel, who was FNBL's President and Chief Executive Officer, regarding Mr. Seibel's alleged criminal conduct with respect to the Bank. *See* Gov't's Br. at 1-5; Compl. ¶¶ 11-12; *see also* Gov't's Notice (Doc. No. 30) (notifying the Court of the December 3, 2025 return of an indictment in *United States v. Seibel*, No. CR-25-489-JD (W.D. Okla.), charging Mr. Seibel with offenses related to his employment at FNBL). The Government contends that it has an interest in this action that is not adequately protected by the current parties to the lawsuit—specifically:

> a strong law enforcement interest in managing the scope and manner of discovery in the criminal proceeding, protecting the integrity of the criminal proceeding and the truthseeking process, and preventing the civil discovery process from impairing or influencing the evidence and testimony that is expected to be offered in the criminal case.

Gov't's Br. at 4. The Government also represents that the civil and criminal cases "share common questions of law and fact," as they "arise out of the same core set of facts, informed by interactions between the same witnesses over the same time period." *Id.* at 5.

Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court finds that the Government's unopposed arguments are well-taken and that the Government has timely shown the requisite "common question of law or fact" to warrant permissive intervention. *Id.*; *see also Angilau v. United States*, No. 16-00992, 2017 WL 9496068, at *2 (D. Utah July 27, 2017) (noting that "courts have employed a relaxed Rule 24 analysis

3

where a non-party pursues intervention" for certain limited purposes and "is not seeking to litigate a claim on the merits").

The Government, however, fails to address the Rule's reference to "a claim or defense" or to comply with Rule 24(c), which requires that all motions to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(b)(1)(B), (c). The Motion does not seek intervention in order to pursue a "claim" or raise a "defense," and the Government has not provided a proposed pleading, or sought to adopt an existing party's pleading. Nor is it apparent that the Government would identify itself as either an intervenor-plaintiff or an intervenor-defendant in this matter, based upon its factual allegations as summarized above.

District courts, including this Court, have granted the United States permission to intervene in civil cases for the limited purpose of seeking a stay of proceedings due to an ongoing related criminal case. *See, e.g.*, *FDS Fin., LLC v. FDIC*, No. CIV-25-1123-R, 2025 WL 3565345, at *4 (W.D. Okla. Dec. 12, 2025); *U.S. Sec. & Exch. Comm'n v. Konodia*, 153 F. Supp. 3d 478, 480 (D. Mass. 2015); *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 529-30 (S.D.W. Va. 2005) (citing cases). Courts also allow permissive intervention to allow nonparties to seek other forms of limited relief, while noting that "the specific requirements of Rule 24 are an imperfect fit." *Angilau*, 2017 WL 9496068, at *3; *see also United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1426-27 (10th Cir. 199); *SanMedica Int'l v. Amazon.com Inc.*, No. 13-cv-00169, 2015 WL 6680222, at *2 (D. Utah Nov. 2, 2025). And courts "have approved intervention motions without a pleading

4

where [they] [were] otherwise apprised of the ground for the motion." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

Accordingly, based upon an independent review of this persuasive authority and the unopposed nature of the request, the Court will grant the Government's request to intervene for the limiting purpose of seeking a stay in this matter.[1]

### B. Stay of Proceedings

As noted, the Government seeks to stay discovery and proceedings in this case until the conclusion of the related criminal matter in this Court, *United States v. Seibel*, Case No. CR-25-489-JD. *See* Gov't's Br. at 5-7. Plaintiffs and Defendant FDIC do not object to a stay being entered; Defendant FDS has responded in opposition. *See* Pls.' Resp. at 1; FDIC Resp. at 1; FDS Resp. at 3-8.

A federal district court's "broad discretion to stay proceedings," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), is inherent in its power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936). "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). "But the Court may exercise its discretion to 'defer civil proceedings pending the completion of parallel criminal prosecutions when the

---

[1] "Because the intervention is permissible" under Rule 24(b)(1)(B), the Court "declines to reach the additional contention that the intervention is required" under Rule 24(a)(2). *Ashworth*, 229 F.R.D. at 530.

interests of justice seem to require such action." *Obispo v. Ishkiret's Grp., LLC*, No. CIV-24-889-D, 2024 WL 5056643, at *2 (W.D. Okla. Dec. 10, 2024) (alterations omitted) (quoting *United States v. Kordel*, 397 U.S. 12 n.27 (1970)).

> "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080. Civil proceedings may also be stayed "for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.*
>
> In determining whether a stay is appropriate, courts often balance the following six factors: (1) the extent to which issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay; (4) the private interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interest.

*Obispo*, 2024 WL 5056643, at *2-3.

In support of its request, the Government emphasizes: the substantial overlap of the criminal issues with those of the instant case; that the criminal proceeding against Mr. Seibel is active and ongoing; the lack of any suggestion that this case is time-sensitive for Plaintiffs, as well as FDS' request to extend its time to answer the Complaint; the lack of any burden on FDIC; its assertion that resolution of the criminal proceeding "could streamline issues in this case," which would be in the interest of the Court; and, the public's interest in preventing the criminal trial from being compromised by the civil litigation. Gov't's Br. at 6-7.

Defendant FDS objects that a stay in this matter "puts FDS at serious risk at financial harm," because FDS is attempting to gain information from Defendant FDIC related to

FDS' injection of cash into FNBL prior to the Bank's October 2024 closing. FDS Resp. at 3. FDS alleges that it borrowed the money to make that cash injection, that FDS now needs to pay off that loan, and that to do so FDS needs to collect on accounts that were assigned to it by FNBL. *See id.* at 2-7. FDS argues that it "has made numerous attempts to collect documents from the FDIC related to" those accounts, but has been unable to do so, and staying this proceeding would put FDS at risk of not being able to collect on those accounts due to statute of limitations relevant to the collection of debt. *Id.* at 4-7.

FDS' arguments, while raising important issues, are misdirected. Although FDS focuses on its "private interests in proceeding expeditiously," FDS is not the plaintiff in this lawsuit. *Obispo*, 2024 WL 5056643, at *3. In the instant case, FDS is a defendant in an action arising from the alleged disallowance of the three Plaintiffs' specific claims—claims not addressed in FDS' Response. There is no clear explanation as to how a stay of Plaintiffs' claims *in this case* would prevent FDS from seeking relief against FDIC on its own cause of action. Indeed, FDS raised these same arguments verbatim to oppose a stay of proceedings in its own lawsuit: *FDS Financial, LLC v. FDIC*. *See FDS Fin.,* No. CIV-25-1123-R (W.D. Okla.) (Doc. No. 16). In FDS' lawsuit against FDIC, Judge Russell partially granted the Government's request for a stay but ordered that FDS would be allowed to serve discovery requesting "the documents held by the FDIC reflecting debts owed to FDS under the loans and overdrafts the Bank assigned it." *FDS Fin.*, 2025 WL 3565345, at *4. The concerns of FDS raised here thus have been addressed and do not provide a basis to deny the Government's well-reasoned request.

Considering the relevant factors, in particular the substantial overlap of issues and the ongoing nature of the criminal proceedings, the Court concludes that a stay of this matter is appropriate and in the interests of justice. *See id.*; *see also Ernst & Young*, No. 20-1259, 2020 WL 3960345, at *7 (E.D. La. July 13, 2020).

## CONCLUSION

As outlined herein, the Government's Motion to Intervene and Stay (Doc. No. 18) is GRANTED. Defendants' pending Motions for Extension of Time (Doc. Nos. 35, 36) are DENIED AS MOOT.

The Government may appear as an intervenor in this action. The proceedings herein are STAYED pending further order of the Court.

The parties are directed to file a status report regarding *United States v. Seibel* and any other relevant civil or criminal cases that might bear upon the stay in this matter no later than June 15, 2026.

If *United States v. Seibel* is resolved prior to June 15, 2026, the Government shall advise the Court within ten (10) days of such resolution.

IT IS SO ORDERED this 9th day of February, 2026.

_____
CHARLES B. GOODWIN
United States District Judge